UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:25-CR-11-CCB-SJF |
| DEVONTE PERKINS | |

## OPINION AND ORDER

On February 12, 2025, an indictment was entered against Defendant Devonte Perkins charging him with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (ECF 1). Mr. Perkins has moved to suppress all evidence seized during a traffic stop on February 9, 2024, that led to the discovery of the firearm at issue in his indictment. (ECF 22). The Government timely filed a response to Mr. Perkins's motion, which became ripe without any reply brief being filed.

### FACTUAL FINDINGS

These facts emerge from the evidence. *See* Fed. R. Crim. P. 12(d). Mr. Perkins was driving a red Chrysler in South Bend, Indiana, on the evening of February 9, 2024, with three passengers in the car including his girlfriend. (ECF 23 at 1–2). According to Mr. Perkins, his girlfriend had bought the car that same day, and the car lot had printed out and affixed a temporary paper plate to the license plate area of the car. (*Id*. at 1). Mr. Perkins does not identify the red Chrysler's license plate number in the instant motion or his memorandum of law. As a result, he has not disputed the Government's

assertions, supported by a photo of the rear of the red Chrysler, showing a paper license plate displaying the number "S414978." (*See* ECF 27-1 at 1).

A South Bend Police Department ("SBPD") Case Report prepared by SBPD Officer Steven Spadafora on February 9, 2024, provides a narrative of the events involving Mr. Perkins and the red Chrysler that night. (ECF 27-2). Officer Spadafora was on patrol in South Bend in a marked vehicle with another officer, Officer Schmidt, in the passenger seat. (ECF 23 at 1; ECF 28 at 1). Officer Spadafora observed the red Chrysler and ran BMV queries on the license plate number S414978 at 8:54:17 p.m. and 8:56:10 p.m. without getting any return, which told him that license plate number S414978 did not belong to a lawfully registered vehicle. (ECF 27-2 at 2; ECF 27-3 at 1–3). An officer patrolling in another vehicle, Officer Rodriguez, also ran the license plate number S414978 twice with no return—once at 8:54:17 p.m. and a second time at 8:54:32 p.m. (ECF 27-3 at 3). From training and experience, Officer Spadafora knew that individuals sometimes "create" or "purchase" fictious paper dealer plates and affix them to their vehicles. (ECF 27-2 at 2). Based on that knowledge and the lack of return regarding the S414978 plate, Officer Spadafora activated his lights and sirens to initiate a traffic stop of the red Chrysler driven by Mr. Perkins. (*Id.*).

Mr. Perkins was slow to stop the vehicle but eventually did stop after turning and driving partially down another block. (*Id.*). Officer Spadafora's training and experience had taught him that when individuals are slow to stop, they often use the time to conceal, discard, or redistribute to other occupants of the vehicle weapons and narcotics. (*Id.*). With that knowledge, Officer Spadafora approached the vehicle and

2

ordered Mr. Perkins to turn off the vehicle, roll down the windows, and have all occupants put their hands outside their window. (*Id.*). All four occupants were then ordered out of the vehicle. (*Id.*).

The passenger sitting in the rear passenger's side brushed a green leafy substance off his pants when he exited the vehicle. (*Id.* at 3). Officer Spadafora, and other officers responding with him, had also smelled marijuana emanating from the vehicle as they approached it. (ECF 23 at 2; ECF 27-2 at 3). This led to the search of the red Chrysler. (ECF 23 at 2; ECF 27-2 at 3). During the search, officers found marijuana throughout the vehicle that Mr. Perkins admitted was his after being advised of his *Miranda* rights. (ECF 27-2 at 3). The officers also found two handguns—one in a purse belonging to the rear driver's side passenger and the second under the driver's seat. (*Id.*). Mr. Perkins denied any knowledge or possession of either firearm found in the vehicle. (ECF 23 at 2; ECF 27-2 at 3).

Mr. Perkins was then arrested based in part on the discovery of the handgun under the driver's seat of the red Chrysler[1]. (ECF 27-2 at 2–3; ECF 28). After that, Mr. Perkins was charged in Indiana state court for being a serious violent felon in possession of a firearm, a Level 4 felony. (ECF 23 at 2). In a probable cause affidavit filed on February 10, 2024, in support of Mr. Perkins's detention in that case, the deputy prosecuting attorney described the events surrounding Mr. Perkins's arrest based on

---

[1] According to Officer Spadafora's SBPD police report, Mr. Perkins was arrested for the following charges: (1) Serious Violent Felon in Possession of a Firearm (Ind. Code § 35-47-4-5); (2) Possession of Marijuana (Ind. Code § 35-48-4-11); and (3) Operator Never Licensed (Ind. Code § 9-24-18-1).

3

her review of the SBPD police report. (ECF 27-4). The affidavit reported events leading to the stop of the red Chrysler as follows:

> On or about February 9, 2024, officers with the South Bend Police Department were patrolling near the area of Roger and Olive in South Bend[,] St. Joseph County, Indiana. While in the area, officers observed a Red Chrysler with false plates. Officer Steven Spadafora initiated a traffic stop by turning on his emergency lights. Once the lights were initiated, Officer Spadafora observed the vehicle continue travel at a slow rate of speed and the driver continued to look back at officers. The vehicle eventually came to a stop.

(*Id.*) The state charges against Mr. Perkins were later dismissed when the indictment was filed in this Court on February 12, 2025. (ECF 23 at 2).

## ANALYSIS

Traffic stops, even temporary stops, are permissible under the Fourth Amendment so long as they are reasonable under the circumstances. *Whren v. United States*, 517 U.S. 806, 810 (1996). "Reasonableness requires an objective inquiry into all of the circumstances known to the officer at the time that he detained the suspect." *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). "[R]easonable suspicion of a traffic violation provides a sufficient basis to justify a traffic stop." *United States v. Jackson*, 962 F.3d 353, 357 (7th Cir. 2020). As a result, an officer's "reasonable belief that a driver committed a minor traffic infraction" is sufficient to justify a routine traffic stop. *Id.*; *see also Navarette v. California*, 572 U.S. 393, 403 (2014) ("reasonable suspicion need not rule out the possibility of innocent conduct.") (internal quotation omitted).

Mr. Perkins challenges the lawfulness of Officer Spadafora initiating the traffic stop of the red Chrysler on February 9, 2024. Mr. Perkins argues that there could not

4

have been a reasonable belief that he was committing a traffic violation because the temporary paper plate on the red Chrysler was not a false plate. Mr. Perkins also suggests that Officer Spadafora acted unreasonably by failing to corroborate information he allegedly received from other officers that the paper license plate was false or by putting incorrect plate information into the BMV database.

In arguing that the temporary paper plate could not create any reasonable belief of a traffic infraction, Mr. Perkins states that the plate was not "false" because his girlfriend bought the car that day, and the seller had placed the temporary plate on the car. Mr. Perkins provides no evidence of his girlfriend's purchase of the vehicle or any evidence connecting the S414798 license plate number to the red Chrysler. He also cites *United States v. McDonald*, 453 F.3d 958, 961 (7th Cir. 2006), which held that "[a]n officer cannot have a reasonable belief that a violation of the law occurred when the acts to which an officer points as supporting probable cause are not prohibited by law." Based on *McDonald*, Mr. Perkins contends that Officer Spadafora was mistaken as to the law applicable to the red Chrysler's temporary license plate that he suspected was false. But Officer Spadafora was not mistaken as to the law.

Failure to register a vehicle violates Indiana Code § 9-18.1-2-11. Using or operating a vehicle on a highway that displays a license plate belonging to another vehicle or a fictitious registration number violates Indiana Code § 9-18.1-4-5. Based on these statutes, a false license plate is prohibited by law. Thus, when Officer Spadafora could not confirm through the BMV database that the red Chrysler's S414978 license plate number was properly registered, it was reasonable for him to believe that a traffic

5

violation had occurred. *See Jackson*, 962 F.3d at 357. "Whether [Mr. Perkins as] the driver actually committed a traffic infraction is irrelevant for Fourth Amendment purposes so long as there was an objective basis for a reasonable belief he did." *United States v. Lewis*, 920 F.3d 483, 489 (7th Cir. 2019); *see also Navarette*, 572 U.S. at 403; *United States v. Cashman*, 216 F.3d 582, 587 (7th Cir. 2000). As a result, Officer Spadafora had the requisite reasonable suspicion to stop the red Chrysler even if the S414978 license plate did not end up violating any law.

Mr. Perkins's speculation that Officer Spadafora failed to corroborate what he allegedly heard from other officers about the red Chrysler's license plate or that he entered incorrect information into the BMV database is not consistent with the evidence before the Court and thus offers no support for his argument. In a footnote, Mr. Perkins implies that the deputy prosecutor's detention affidavit shows that other officers predisposed Officer Spadafora to the idea that the red Chrysler's license plate was false. But Mr. Perkins did not attach the affidavit, or any other evidence about how Officer Spadafora first learned about the red Chrysler or checked its license plate, to the instant suppression motion.

The Government, on the other hand, provided considerable evidence negating Mr. Perkins's speculation about Officer Spadafora's work that night. First, the Government presented Officer Spadafora's SBPD police report related to the stop. The report was dated 02/09/2024 at 22:59. (ECF 27-2 at 3). It reflects that the offense began at 21:00 on 02/09/2024 and ended five minutes later at 21:05. (*Id.* at 1). In the report,

Officer Spadafora stated that he ran the red Chrysler's license plate through the BMV database "multiple" times before initiating the stop. (*Id*. at 2).

Second, the Government presented reports from BMV queries matching the badge numbers of Officer Spadafora and Officer Rodriguez, who was also in the area at the time. (ECF 27-3). Those reports document the timing, down to the second, of queries of plate number "s414978" as follows:

| | |
|---|---|
| Rodriguez | 02/09/2024 20:54:17 |
| Spadafora | 02/09/2024 20:54:17 |
| Rodriguez | 02/09/2024 20:54:32 |
| Spadafora | 02/09/2024 20:56:10 |
| Spadafora | 02/09/2024 21:17:37 |

(*Id*.). Based on these reports, Officer Spadafora conducted his own BMV queries of the red Chrysler's S414978 license plate despite Mr. Perkins's suggestion to the contrary. The reports also show that Officer Spadafora ran two BMV queries before 21:00 when the offense is reported to have begun confirming that he had confirmed that the S414798 plate number was not properly registered to any vehicle, including the red Chrysler before he initiated the traffic stop.

Third, the Government provided the Court with the deputy prosecutor's probable cause affidavit. (ECF 27-4). Mr. Perkins did not fully develop any argument based on the affidavit but cited it to show that other officers "alerted Officer Spadafora that the plate was 'false' to the Red Chrysler." (ECF 23 at 3 n.1). Yet the affidavit only states that "[w]hile in the area, officers observed a Red Chrysler with false plates." (ECF 27-4). The affidavit does not identify those "officers" or exclude Officer Spadafora as one of those officers who observed the red Chrysler's plates. It does not state that

7

Officer Spadafora was alerted to the red Chrysler by other officers. And even if Officer Spadafora first learned of the red Chrysler's questionable license plate from other officers, the affidavit does not contradict the BMV query reports showing that Officer Spadafora ran the S414978 plate number at least twice before the stop.

With this evidence, the Government has shown that Officer Spadafora had reasonable suspicion that the red Chrysler had committed a traffic violation when he stopped the vehicle on February 9, 2024. *See Jackson*, 962 F.3d at 357. Accordingly, the traffic stop that led to discovery of the firearm at issue in Mr. Perkins's indictment is reasonable under the circumstances and permissible under the Fourth Amendment. *See Whren*, 517 U.S. at 810.

## Conclusion

For these reasons, Mr. Perkins's Motion to Suppress is **DENIED**. (ECF 22). Mr. Perkins's jury trial and final pre-trial conference dates will be set by separate order.

SO ORDERED on June 9, 2025.

                                              /s/*Cristal C. Brisco*
                                              CRISTAL C. BRISCO, JUDGE
                                              UNITED STATES DISTRICT COURT